LAW OFFICES OF LAWRENCE A. ORGAN
LAWRENCE A. ORGAN SBN 175503
MEGHAN A. CORMAN SBN 259712
AYESHA F. MAHMOOD SBN 267814
407 San Anselmo Avenue, Suite 201
San Anselmo, CA 94960
T. 415.453.4740
F. 415.453.4777
Email: Larryaorgan@aol.com

FIGARI LAW
BARBARA E. FIGARI SBN 251942
407 San Anselmo Avenue, Suite 203
San Anselmo, CA 94960
T. 415.235.2100
F. 415.963.4301
Email: Barbara@figarilaw.com

Attorneys for Plaintiffs
PATTI KING and LILLIAN BROWN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI KING and LILLIAN BROWN,,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>MARRIOTT INTERNATIONAL INC., a Corporation, MARRIOTT VACATION CLUB INTERNATIONAL, INC., a Corporation, DOES 1 through 100, inclusive,<br><br>                    Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES**<br><br>  I.   **SEX DISCRIMINATION [GOV'T CODE § 12940 et seq.];**<br><br> II.  **SEX HARASSMENT [GOV'T CODE § 12940 et seq.];**<br><br>III.  **FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT [GOV'T CODE § 12940 et seq.];**<br><br>IV.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**DEMAND FOR JURY TRIAL** |

1

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs PATTI KING and LILLIAN BROWN allege:

## JURISDICTION

1. Plaintiff Patti King is a resident of the State of Arizona.
2. Plaintiff Lillian Brown is a resident of the State of California.
3. Defendant Marriott International, Inc. is incorporated under the laws of the State of Delaware, and on information and belief, Plaintiffs allege that its principal place of business is located in Louisville, Tennessee.
4. Defendant Marriott Vacation Club International, Inc. is incorporated under the laws of the State of Delaware, and on information and belief, Plaintiffs allege that its principal place of business is located in Louisville, Tennessee.
5. Defendants Marriott International, Inc. and Marriott Vacation Club International, Inc. (hereinafter collectively referred to as "Defendants" or "Marriott,") own and operate the Marriott Timber Lodge, located in South Lake Tahoe, California.
6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, as this controversy arises between citizens of different States, and the amount in controversy is greater than $75,000, exclusive of interest and costs.
7. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-100, are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.
8. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. Defendants acted as joint employers of Plaintiffs in that their human resources departments are integrated, and Defendants each control the day to day job duties and performance of Plaintiffs. In engaging in the conduct alleged in the causes of action into which this paragraph is incorporated by reference, each and every

1

defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## VENUE

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(2). Defendants own and operate Marriott Timber Lodge, located in South Lake Tahoe, California, where a substantial part of the events or omissions giving rise to this claim occurred. Plaintiffs Brown and King were at all times relevant to this action employed by Defendants at the Marriott Timber Lodge in South Lake Tahoe, which is located within the judicial district of this Court.

## ADMINISTRATIVE REMEDIES

10. Plaintiff Brown has satisfied all private, administrative and judicial prerequisites to the institution of this action. Plaintiff Brown's employment was terminated on July 17, 2009, and Plaintiff Brown filed a Complaint of Discrimination under the provisions of the California Fair Employment and Housing Act with the Department of Fair Employment and Housing on January 4, 2010, within one (1) year of the last adverse employment action. Plaintiff Brown requested an immediate Right to Sue Notice, which she received on January 4, 2010.

11. Plaintiff King has satisfied all private, administrative and judicial prerequisites to the institution of this action. Plaintiff King's employment ended on October 10, 2008, and Plaintiff King filed a Complaint of Discrimination under the provisions of the California Fair Employment and Housing Act with the Department of Fair Employment and Housing on September 30, 2009, within one (1) year of the last adverse employment action. Plaintiff King

1  requested an immediate Right to Sue Notice, which she received September
2  30, 2009. Plaintiff filed a Complaint of Discrimination under the Provisions of
3  the California Fair Employment and Housing Act with the Department of Fair
4  Employment and Housing on January 23, 2008, and requested an immediate
5  Right to Sue Notice.

12. This action is not preempted by the California Workers' Compensation Act because retaliation is not a risk or condition of employment.

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

13. Plaintiff Brown began her employment with Defendants on June 9, 2008. Plaintiff Brown worked as a Sales Associate at the South Lake Tahoe Resort, located in South Lake Tahoe, California.

14. Plaintiff King began her employment with Defendants in June 2007. Plaintiff King worked as a Sales Associate at the South Lake Tahoe Resort, located in South Lake Tahoe, California.

15. Both Plaintiffs Brown and King were supervised by Senior Sales Manager Larry Johnson throughout their employment with Defendants.

16. Mr. Johnson engaged in a continuing pattern of verbal and visual sexual harassment directed at both Plaintiffs Brown and King throughout their employment with Defendants.

17. Specifically, throughout Plaintiff King's employment, Mr. Johnson constantly commented that Plaintiff King should use her breasts to sell more. Mr. Johnson specifically stated to Plaintiff Brown "you would be promoted to the In House line faster if you use your boobs more and your mouth less."

18. Plaintiff King earned the Top Sales award in the month of May 2008. At that time, Mr. Johnson walked into the sales office, took Plaintiff King's award, and wiped his crotch and butt with it, and stated "this is what I think of these trophies!"

19. On at least one occasion, Mr. Johnson told Plaintiff Brown, during a discussion regarding sales issues, that she should see his penis.

20. On one occasion, in March 2008, when Plaintiff Brown was in Mr. Johnson's office discussing a concern about employees, Mr. Johnson's response to Plaintiff Brown was "fuck you."

21. On another occasion, when Plaintiff Brown was in the sales center, Mr. Johnson grabbed her, squeezed her, and pulled up the back of her shirt. At this time, Mr. Johnson told another male employee "look she [Plaintiff Brown] is my perfect size.

22. On at least one occasion, Mr. Johnson screamed at Plaintiff King, and told her she was a "lying bitch."

23. Plaintiffs Brown and King were subjected to numerous sexual comments, visual harassment, sexual "jokes" and innuendo by Mr. Johnson throughout their employment with Defendants. Plaintiffs Brown and King were further subjected to visual harassment, including, but not limited, to Mr. Johnson staring at Plaintiffs and other employees in a sexual and/or suggestive manner.

24. Plaintiff King complained to Defendants' Human Resources and Upper Management, including John Archuleta, Defendants' Director of Sales, about the sexual harassment she experienced from Mr. Johnson. Defendants did not investigate Plaintiff King's complaint, and the harassment towards Plaintiff King continued.

25. On October 10, 2008, Plaintiff King was forced to end her employment with Defendant, as a result of the harassment and retaliation she experienced.

26. On May 28, 2009, Plaintiff Brown went on leave pursuant to the Family and Medical Leave Act (FMLA), as a result of the stress she experienced from the harassment perpetrated by Mr. Johnson.

27. On July 17, 2009, while Plaintiff Brown was out on FMLA leave, Defendants terminated her employment.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

### Sex Discrimination

### California Fair Employment and Housing Act ("FEHA")

### California Government Code § 12940 et seq.

### Against All Defendants

28. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 27 above.

29. Defendants are an employer as defined by the Fair Employment and Housing Act (FEHA).

30. Plaintiffs were employees of Defendants as defined by the FEHA.

31. Defendants subjected Plaintiffs to adverse employment actions during the course of their employment with Defendants.

32. Plaintiffs' protected status, their sex, was a motivating reason for the adverse employment actions, in violation of FEHA.

33. Plaintiffs were harmed by Defendants' actions.

34. Defendants' act of subjecting Plaintiffs to adverse employment actions based on their sex is a substantial factor in causing Plaintiffs' harm.

35. Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiffs' rights.

36. By reason of the conduct of Defendants, Plaintiffs have necessarily retained attorneys to prosecute the within action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

37. As a result of Defendants' actions, Plaintiffs sustained economic harms and losses in an amount according to proof at the time of trial. These amounts

1  exceed the jurisdictional requirements of this Court.  As a further result of
2  Defendants' actions, Plaintiffs suffered emotional distress; resulting in
3  damages in an amount according to proof at the time of trial.  These amounts
4  exceed the jurisdictional requirements of this Court.

38. WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

## SECOND CAUSE OF ACTION

### Sex Harassment

### California Fair Employment and Housing Act ("FEHA")

### California Government Code § 12940 et seq.

### Against All Defendants

39. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 38 above.

40. The above conduct was unwelcome, directed toward Plaintiffs, and was part of an ongoing and continuing pattern of harassing conduct.

41. The above conduct caused Plaintiffs to perceive their work environments as intimidating, hostile, abusive or offensive, thereby constituting a hostile work environment based upon Plaintiffs' sex.

42. The above conduct as severe and/or pervasive harassing conduct, directed at Plaintiffs because of their sex.

43. Complaints and/or information about much of the harassing conduct were made to Defendants, but the harassment continued.  After the complaints, the harassment continued.

44. Plaintiffs filed timely complaints against the Defendants with the DFEH alleging sex harassment and failure to prevent sex harassment.  Thereafter, Plaintiffs received from the DFEH notification of their right to sue in the Courts of the State of California, the Defendants for which complaints had been filed.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

45. Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiffs' rights.

46. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiffs have necessarily retained attorneys to prosecute the within action. Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

47. As a result of Defendants' actions, Plaintiffs sustained economic harms and losses in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court. As a further result of Defendants' actions, Plaintiffs suffered emotional distress; resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

48. WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

### THIRD CAUSE OF ACTION
### Failure to Prevent Discrimination and Harassment
### California Fair Employment and Housing Act ("FEHA")
### California Government Code §12940 et seq.
### Against All Defendants

49. Plaintiffs incorporate by reference the factual allegations of paragraphs 1 through 48 above.

50. In violation of FEHA, Defendants failed to take all reasonable steps necessary to prevent sex discrimination and sex harassment against Plaintiffs.

51. In perpetrating the above-described conduct, Defendants engaged in a pattern, practice, policy and custom of sex discrimination and sex harassment. Said conduct on the part of Defendants, and each of them, constituted a policy,

practice, tradition, custom and usage which denied Plaintiffs protection of FEHA.

52. At all relevant time periods, Defendants failed to make an adequate response and investigation into the conduct of Mr. Johnson and the aforesaid pattern and practice, and thereby established a policy, custom, practice or usage within the organization of Defendants, which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in sex discrimination and sex harassment toward Plaintiffs.

53. At all relevant time periods there existed within the organization of Defendants a pattern and practice of conduct by its personnel which resulted in sex discrimination and sex harassment, including but not necessarily limited to, conduct directed at Plaintiffs.

54. Defendants did not have an adequate sex discrimination and harassment policy and did not provide adequate sex discrimination and harassment training for its employees and managers.

55. Defendants knew or reasonably should have known that the failure to provide adequate education, training, and information as to their personnel policies and practices regarding sex discrimination and sex harassment would result in sex discrimination and sex harassment against employees including but not limited to Plaintiffs.

56. The failure of Defendants to provide any or adequate education, training, and information to personnel concerning policies and practices regarding sex discrimination and sex harassment constituted deliberate indifference to the FEHA rights of employees, including but not limited to those of Plaintiffs.

57. Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiffs' rights

58. By reason of the conduct of Defendants, Plaintiffs have necessarily retained attorneys to prosecute the within action. Plaintiffs therefore are entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

59. As a result of Defendants' actions, Plaintiffs sustained economic harms and losses in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court. As a further result of Defendants' actions, Plaintiffs suffered emotional distress; resulting in damages in an amount according to proof at the time of trial. These amounts exceed the jurisdictional requirements of this Court.

60. WHEREFORE Plaintiff prays for relief as stated in pertinent part hereinafter.

## FOURTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

*Tameny v. Atlantic Richfield Co.*, (1980) 27 Cal. 3d 167; *Garcia v. Rockwell International Corp.*, (1986) 187 Cal. App. 3d 1556.

### Against All Defendants

61. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 60 above.

62. Plaintiffs were discriminated against and harassed based on their sex. Plaintiffs reported the discrimination and harassment, but Defendants failed to take proper action to protect Plaintiffs.

63. Defendants' discrimination against Plaintiff Brown included, but was not limited to, terminating Plaintiff Brown on July 17, 2009. Plaintiff's wrongful termination from her employment was based upon Defendant's violation of the Public Policy of the State of California as put forward in FEHA, the California Constitution, and other statutes and provisions.

64. Defendants' discrimination against Plaintiff King included, but was not limited to, terminating Plaintiff King on October 10, 2008. Plaintiff's

wrongful termination from her employment was based upon Defendant's violation of the Public Policy of the State of California as put forward in FEHA, the California Constitution, and other statutes and provisions.

65. In the alternative, Plaintiff King was constructively discharged from her employment with Defendants, because Plaintiff King suffered intolerable working conditions that Defendants either intentionally created and/or knowingly permitted to exist.  These conditions were created and/or permitted to exist by Defendants' officers, directors, managing agents, or supervisory employees, and were such that under all the circumstances, a reasonable employee in Plaintiff's position would have felt compelled to resign

66. Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiffs and in conscious disregard of Plaintiffs' rights.

67. By reason of the conduct of Defendants, Plaintiffs have necessarily retained attorneys to prosecute the within action.  Plaintiffs are therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.

68. As a result of Defendants' actions, Plaintiffs sustained economic harms and losses in an amount according to proof at the time of trial.  These amounts exceed the jurisdictional requirements of this Court.  As a further result of Defendants' actions, Plaintiffs suffered emotional distress; resulting in damages in an amount according to proof at the time of trial.  These amounts exceed the jurisdictional requirements of this Court.

69. WHEREFORE Plaintiffs prays for relief as stated in pertinent part hereinafter.

**PRAYER FOR RELIEF**

Plaintiffs prays for judgment against Defendants as follows:

1. Compensatory damages, including emotional distress damages and lost wages and benefits, in a sum according to proof;

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

2. General, presumed and specific damages based upon damage to Plaintiff's business and personal reputation;

3. Punitive damages, in a sum according to proof;

4. Interest on judgment, including prejudgment interest, at the legal rate, pursuant to § 3291 of the Civil Code;

5. Recovery of all reasonable attorneys' fees, expert witness fees, litigation expenses and costs incurred, pursuant to Section 1021.5 of the Code of Civil Procedure, and Section 12965 of the Government Code.

6. An injunction: (1) ordering Defendants to cease and desist from discriminating against and harassing individuals based on their sex; (2) ordering Defendants to provide mandatory and meaningful training to all district managers and employees regarding the laws prohibiting discrimination and harassment; and (3) ordering Defendants to cease and desist from making defamatory statements against Plaintiff.

7. For such other and further relief as the court may deem proper.

Dated:  September 29, 2010                    Respectfully Submitted,

LAW OFFICES OF LAWRENCE A. ORGAN
FIGARI LAW

/s/ Lawrence A. Organ

_____
LAWRENCE A. ORGAN, ESQ.
BARBARA E. FIGARI, ESQ.

Attorneys for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiffs Patti King and Lillian Brown herewith demand a jury trial in this action.

Dated:  September 29, 2010          Respectfully Submitted,

LAW OFFICES OF LAWRENCE A. ORGAN
FIGARI LAW

/s/ Lawrence A. Organ

_____
LAWRENCE A. ORGAN, ESQ.
BARBARA E. FIGARI, ESQ.

Attorneys for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL